# COURT OF APPEALS OF VIRGINIA

### Record No. 1597-25-3

RONALD W. LIPTRAP

v.

COMMONWEALTH OF VIRGINIA

Present: Chief Judge Decker, Judges Raphael and White

Argued at Lexington, Virginia

Opinion Issued July 21, 2026[*]

**FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY**
Edward K. Stein, Judge

John S. Koehler (The Law Office of James Steele, PLLC, on brief), for appellant.

Sandra M. Workman, Senior Assistant Attorney General (Jay Jones, Attorney General, on brief), for appellee.

**MEMORANDUM OPINION BY**
**JUDGE KIMBERLEY SLAYTON WHITE**

The trial court convicted Ronald Liptrap of aggravated sexual battery and two counts of sexual battery, in violation of Code §§ 18.2-67.3 and -67.4, and sentenced him to 20 years and 24 months' incarceration, with 10 years and 12 months suspended. On appeal, Liptrap challenges the sufficiency of the evidence to sustain his convictions. Finding no error, we affirm the trial court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On the evening of a Covington High School football game, Liptrap and his friend "Shrimp" were hanging out, drinking "behind the stadium" on the "home side" of the field. During the second quarter, middle school student T.A.[2] saw them "[b]y the trashcans" next to the "men's restroom." Liptrap "mumbl[ed]" incoherently at T.A. and beckoned her toward him. T.A. thought "that was weird" and hurried off to find her sister.

During the third quarter, 11-year-old J.M. and her friend M.H. were walking past "the trashcan next to the boys' bathroom" when J.M. "felt a hand hit [her] butt." J.M. turned around and saw Liptrap with "his hand still out" and "smiling at" her. J.M. ran and found adults who helped her report the incident to Alleghany County Sheriff's Deputy Scott Dudding.

Simultaneously, Covington Police Officer Agee was investigating a separate incident that had occurred on the visitor's side of the stadium. M.H. approached Agee and told him that Liptrap had assaulted J.M. She led Agee to Liptrap who was "leaned up against a trashcan near the bathroom" wearing a "red hat" and "plaid shirt." Agee approached Liptrap and "advised him that he was being detained." Liptrap emanated "a strong odor of alcohol[]" and was "unsteady on his feet." Agee frisked Liptrap and found a half-consumed bottle of liquor. Agee arrested Liptrap for public intoxication and aggravated sexual battery. Minutes later, 15-year-old high school students M.P. and C.F. approached Agee and informed him that a man in a "red hat" and "plaid shirt" had also grabbed their "buttocks" during the game.

---

[1] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[2] We identify the children by their initials to afford them privacy.

At trial, Deputy Dudding testified that he was patrolling the "platform" in the "student section" that evening. Just before the game started, he saw Liptrap wearing "a red hat." Liptrap approached Dudding and wanted to "thank[]" him for "how respectful" he had been to Liptrap on a previous occasion at the Alleghany jail. After a brief conversation, Liptrap went "to go find a place to smoke."

J.M. testified that she was "beside the trashcan" next to the men's restroom when Liptrap "grab[bed]" and "h[e]ld" her "butt." When she turned around, Liptrap was "smiling" at her. He was "wearing a red hat with Donald Trump's name on it," "a gray shirt," and "jeans and black shoes." She identified Liptrap as the person she saw. J.M. told Dudding what happened and "point[ed] out" Liptrap, who was "leaning up against a trashcan" by the men's bathroom. J.M. told Dudding that she was "sure" he was the person who touched her.

M.H. testified that she saw Liptrap's "hand grab [J.M.'s] butt." "He was wearing a blue flannel shirt and a red hat." M.H. led Agee to Liptrap, who was still standing by the trashcan. She identified Liptrap as the person who grabbed J.M.

M.P. testified that she and C.F. were walking toward the bathrooms on the "home side behind the stands" when they saw Liptrap "standing there leaning against the trashcan." "[H]e had a red cap on" and "was wearing a flannel." She recalled that "he made eye contact with" her. "[H]e was very focused." As they walked past the trashcan, M.P. "felt something hit [her] butt." C.F. also felt someone "[g]rab and squeeze" her "butt." C.F. turned around and saw Liptrap "turning back to . . . the trashcan" and "rearranging himself . . . back at the trashcan." He was wearing "a gray . . . plaid . . . flannel" shirt, a "red hat," "[j]eans," and "black shoes." There was nobody else within reaching distance of them aside from Liptrap. Initially, M.P. and C.F. were both confused about what had just happened. Within a few minutes, they realized that Liptrap had assaulted them, and they reported it to the police.

The Commonwealth presented photos of Liptrap taken from Agee's body camera footage.[3]  The photos depicted Liptrap in a red hat, with white lettering that cannot be fully seen, and wearing a plaid, flannel shirt.

The trial court found that the contact at issue here was not incidental because "multiple young ladies" had described the contact as "a squeeze."  Liptrap was "definitely standing by himself . . . at the trashcan."  He made "facial expressions" at the victims and was "staring" and "smiling" at them.  His clothing matched their descriptions.  The trial court found the victims' identification of Liptrap credible and convicted him of the aggravated sexual battery of J.M. and the sexual battery of C.F. and M.P.  Liptrap appeals.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one."  *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).  "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'"  *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680).  "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'"  *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).  "If there is evidentiary support for the conviction,

---

[3] The trial court observed portions of Agee's body camera footage, but the video was not entered into evidence; the body camera footage is not in the record on appeal.

'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

I. Identification

Liptrap argues that the witnesses' identification of him as the perpetrator "was based upon inconsistent and unreliable statements." He suggests that the victims' seeing him "in the vicinity after the touching occurred" is insufficient to prove his identity as the perpetrator. The record does not support his argument.

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Shahan v. Commonwealth*, 76 Va. App. 246, 258 (2022) (quoting *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013)). "As with any element of an offense, identity may be proved by direct or circumstantial evidence." *Smith v. Commonwealth*, 85 Va. App. 435, 456 (2025). "We review the fact finder's determination regarding the identity of the perpetrator considering 'the totality of the circumstances.'" *Shahan*, 76 Va. App. at 258 (quoting *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002)). Any "inconsistencies" in the witnesses' identification of the defendant "go toward the trial court's weighing of the credibility of the witnesses, a matter within its sound discretion." *Cuffee*, 61 Va. App. at 366.

Dudding spoke with Liptrap before the game started. Liptrap was wearing a red hat. During the game, Liptrap posted up next to the trashcan by the men's bathroom. As J.M. and M.H. walked past Liptrap he assaulted J.M. M.H. saw Liptrap grab J.M. J.M. turned around and Liptrap was standing with his hand out, smiling at her. Both J.M. and M.H. led two different

police officers straight to Liptrap, who was still standing by the trashcan.  M.P. and C.F. also identified Liptrap as the person who grabbed their buttocks.

All four witnesses described Liptrap as wearing a red hat and a plaid, flannel shirt.  Each witness encountered Liptrap by the trashcan next to the restroom.  The photo evidence corroborated the witnesses' descriptions of Liptrap and his location where Agee confronted him.  After M.H. led Agee to Liptrap, Agee confirmed Liptrap's identity "by [his] Virginia ID."

Considering all the evidence, the trial court reasonably could find that Liptrap was the perpetrator.  *Shahan*, 76 Va. App. at 258.  Whether the witnesses' identification of Liptrap as the perpetrator was based upon inconsistent and unreliable statements is not for us to say.  *Cornell v. Commonwealth*, 76 Va. App. 17, 31 (2022) ("[C]onclusions on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness's] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" (second alteration in original) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991))).  "The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Blankenship v. Commonwealth*, 71 Va. App. 608, 619 (2020) (quoting *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017)).  Here the trial court stated, "the [c]ourt has no problem with the identifications . . . he was the only one there with the clothing that matched [the] description."  We will not disturb the trial court's conclusion.

II.  Intent

Liptrap also claims that "the evidence failed to establish that any of the touching[s] were consistent with the elements of a sexual battery."  Specifically, he argues there was insufficient proof that he acted "with the requisite intent to commit a sexual battery."  We disagree.

A conviction for sexual battery is sustained on proof that the defendant: "intentionally touche[d] the complaining witness's intimate parts"; against the complaining witness's will "by force, threat, intimidation, or ruse"; with the intent to "sexually molest, arouse, or gratify any person." Code §§ 18.2-67.4, -67.10(6)(a). "Intimate parts" includes buttocks. Code § 18.2-67.10(2). Sexual battery is aggravated if the "complaining witness is less than 13 years of age." Code § 18.2-67.3(A)(1). "Constructive force is established 'in the context of [sexual battery]' if the act was undertaken 'without the victim's consent' and 'against [the] victim's will.'" *Nelson v. Commonwealth*, 73 Va. App. 617, 625 (2021) (second alteration in original) (quoting *Martin v. Commonwealth*, 272 Va. 31, 35 (2006)). "[A] lack of consent proving constructive force includes a situation in which the victim was incapable of consenting to the act." *Id.*

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." *Turner v. Commonwealth*, 56 Va. App. 391, 422 (2010) (quoting *Ridley v. Commonwealth*, 219 Va. 834, 836 (1979)). "Proving intent by direct evidence often is impossible." *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 470 (2003)). Therefore, "intent may be proved by circumstantial evidence, including the defendant's statements and conduct." *Welch v. Commonwealth*, 79 Va. App. 760, 768 (2024). "Whether the defendant has the required intent is a question for the trier of fact." *Id.*

The record demonstrates that Liptrap was not at the Covington High School stadium in a place to watch a football game; he arrived at the stadium and situated himself away from the field, behind the stadium, in a high traffic area near the restrooms. In that location, he groped at least three girls aged 11 to 15 years old. He stood there alone during the game and "grabbed" and "squeeze[d]" the unsuspecting victims' buttocks as they walked past. He was "smiling,"

"staring," and "gestur[ing]" at the young women in a way that made them feel "nervous" and "weird." The trial court was permitted to infer that Liptrap went to a high school football game to encounter young, minor students intending to sexually molest them or arouse and gratify himself. *Commonwealth v. Perkins*, 295 Va. 323, 332 (2018) (the "factfinder may 'draw reasonable inferences from basic facts to ultimate facts'" (quoting *Bowman v. Commonwealth*, 290 Va. 492, 500 (2015))). Furthermore, it properly considered his "facial expressions" and his groping of "multiple young ladies" in making its determination. *Welch*, 79 Va. App. at 768 ("intent may be proved by . . . conduct").

"It is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelley*, 69 Va. App. at 629 (alteration in original) (quoting *Pijor*, 294 Va. at 512). "This Court does not view circumstantial evidence in isolation." *Lucas v. Commonwealth*, 75 Va. App. 334, 346-47 (2022). "Rather, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Id.* at 347 (quoting *Karnes v. Commonwealth*, 125 Va. 758, 764 (1919)). Though no single piece of the Commonwealth's evidence may have been sufficient to prove Liptrap's intent, the "combined force of [the] many concurrent and related circumstances" was sufficient. *Id.* Thus, the evidence supported the trial court's determination, and we will not second guess its judgment. *Pijor*, 294 Va. at 512.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*